### SUCCESSION OF EDWARD PARKER.

*A silence of five years in the settlement of partnership accounts will bar any claim for balances.*

APPEAL from the Second District Court of New Orleans, *Morgan*, J.

HOWELL, J. This is a suit for the settlement of an alleged partnership in a steamboat, and a question of fact is only presented.

Plaintiff alleges an express agreement that he was to become the owner of one-eighth of said steamer, which the deceased Parker was then having built, and that in payment thereof he was to superintend the fitting out of the boat and to run on her as pilot, at the highest wages, until the value of his services less his necessary expenses should amount to one-eighth of the cost of the boat, which is stated at $25,000. He alleges that said services were duly and faithfully rendered by him, without drawing any wages, until the said Parker, who was the captain, instructed the clerk thereafter to pay them, as his interest in the boat was entirely paid for, and that at the *end of the second* business season of the boat, he left because of some difficulty with Parker; and he prays for an account and judgment for $12,500 ahis portion of the earnings of the boat for over six years, up to the date of her destruction by fire.

A general denial was pleaded and a judgment rendered in the lower court in favor of defendant, from which plaintiff appealed.

A careful examination of the evidence, in the record, does not enable us to disagree with the District Judge.

Three witnesses testify that Parker said Hughes was to have an interest in the boat. One of them, *Dowty*, the clerk, and plaintiff's principal witness, says further, that Captain Parker said to him that plaintiff was to go as pilot, until the boat was paid for, and draw only his necessary expenses until that time; that about the latter part of the second season, Parker told Hughes the boat was paid for, and he had better draw some money and buy a negro to work on the boat for wages. Whatever may be the effect of this evidence, which, in our opinion, does not establish the alleged part ownership, it is rebutted by the acknowledgement of plaintiff to the witness, *Dowty*, "that he and Captain Parker had fallen out, and that Captain Parker *had settled with him and paid him off;*" and by his long silence, not urging any claim until January, 1860, some five years after the date of his leaving the boat, as alleged in his petition.

Judgment is affirmed, with costs.

JONES, J., absent.